LATHAM & WATKINS LLP
   Robert A. Klyman (CA Bar No. 142723)
   Gregory O. Lunt (CA Bar No. 173297)
   Alan L. Leavitt (*pro hac vice* application pending)
633 West Fifth Street, Suite 4000
Los Angeles, California  90071-2007
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
robert.klyman@lw.com; gregory.lunt@lw.com;
   alan.leavitt@lw.com

Proposed Counsel for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>**PREDIWAVE CORPORATION**,<br>a California corporation<br><br>Debtor.<br><br>Fed. Tax I.D. No. 77-0494328 | Case No. 06-40547-RJN<br><br>Chapter 11<br><br>**APPLICATION TO RETAIN, EMPLOY AND COMPENSATE LATHAM & WATKINS LLP AS BANKRUPTCY COUNSEL AND SPECIAL LITIGATION COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE**<br><br>[No Hearing Required] |

PrediWave Corporation (the "Debtor") hereby applies to this Court (the "Application") for entry of an order pursuant to sections 327(a), 328, 329, 330, 503(b) and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Guidelines promulgated by the United States Trustee for Region 17 (the "Guidelines") authorizing the Debtor to retain, employ and compensate Latham & Watkins LLP ("Latham & Watkins") as bankruptcy counsel and special litigation counsel for the Debtor and Debtor in Possession, *nunc pro tunc* to April 14, 2006, the date the Debtor commenced the instant chapter 11 case (the "Petition Date"), and directing that copies of all notices, pleadings and other documents filed in this case and any and all adversary proceedings be served upon Robert A. Klyman, as counsel for

the Debtor, at Latham & Watkins LLP, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071.

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327(a), 328, 329, 330, 503(b) and 507 of the Bankruptcy Code.

## BACKGROUND

### A. Procedural Background

3. On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no statutory committee or trustee has been appointed in the Debtor's chapter 11 case.

5. On the first business day following the Petition Date, the Debtor served the Application on the Office of the United States Trustee in accordance with Bankruptcy Rules 2014 and 9034 and the Guidelines.

### B. Factual Background

6. The events leading up to the Petition Date are set forth in the Declaration of Vincent Lin in Support of First Day Emergency Motions (the "Lin Declaration")[1].

### C. Latham & Watkins' Role

7. On April 14, 2006, the Debtor's Board of Directors voted to seek authority in this Court to employ the law firm of Latham & Watkins as its general bankruptcy counsel and special litigation counsel under a general retainer at Latham & Watkins' customary hourly rates

---

[1] Capitalized terms used and not defined in this Application shall have the meanings ascribed to them in the Lin Declaration.

and reimbursement policies. As described below, Latham & Watkins has served as principal litigation counsel to the Debtor since the Summer of 2005 and intends to continue in that role during the pendency of this case.

8. From and after June 2005, Latham & Watkins' attorneys have represented the Debtor in two (2) pending lawsuits. The first of these lawsuits (the "Los Angeles Action") was brought by the Debtor against Jimmy Li and Fu Sze Shing for breach of fiduciary duty, unfair competition, tortious interference with contract, tortious interference with prospective business advantage and declaratory relief. The second lawsuit, New World TMT Ltd v. PrediWave Corp. et. al. (Santa Clara Superior Court Case No. 104 CV020369) (the "Santa Clara Action," and together with the Los Angeles Action, the "Lawsuits") was brought by New World TMT Ltd. ("New World"), the holder of the Debtor's preferred stock and a contract party with Prediwave, against the Debtor, CyberLancet Corporation, CyberNova Corporation, TechStock Corporation, WarpEra Corporation, Visionaire Technology Corporation, S.T.U.B. SATertainment, Incorporated, Athena Database, Incorporated, Pine Global Marketing Limited and Jianping "Tony" Qu, the Debtor's chairman and majority stockholder (collectively, the "Other Defendants"). The Debtor has filed cross-claims against New World in the Santa Clara Action. Latham & Watkins has been representing the Debtor in the Lawsuits and the Other Defendants in the Santa Clara Action. The Other Defendants have executed conflict waiver letters that specifically provide that Latham & Watkins will not represent any of the Other Defendants adversely to the Debtor and that expressly waive any conflict of interest that might exist or arise in connection with Latham & Watkins' representation of the Debtor in this chapter 11 case.

9. In representing the Debtor in the Lawsuits and assisting the Debtor with the preparation for filing the intended chapter 11 case, Latham & Watkins' attorneys have become familiar with the complex factual and legal issues that will have to be addressed in this case. The Debtor believes that the retention of Latham & Watkins, with its knowledge of and experience with the Debtor, and the industry in which it operates, will contribute to the efficient administration of the estate thereby minimizing the expenses to the estate.

10. The Debtor will require Latham & Watkins to render legal services relating to the day-to-day administration of this chapter 11 case and the myriad issues that may arise in this case, including, without limitation:

- advising the Debtor of its powers and duties as debtor in possession in the continued operation of its business and management of its properties;

- assisting, advising and representing the Debtor in its consultations with parties in interest regarding the administration of this chapter 11 case;

- providing assistance, advice and representation concerning the preparation and negotiation of a plan of reorganization and disclosure statement and any asset sales, equity investments or other transactions proposed in connection with this chapter 11 case;

- providing assistance, advice and representation concerning any investigation of the assets, liabilities and financial condition of the Debtor that may be required;

- representing the Debtor at hearings on matters pertaining to its affairs as a debtor and debtor in possession;

- prosecuting and defending contested matters, litigation matters (including without limitation the Lawsuits), and such other matters that might arise during and related to the chapter 11 case, except to the extent that the Debtor has employed or hereafter seeks to employ other special litigation counsel;

- providing counseling and representation with respect to the assumption or rejection of executory contracts and leases and other bankruptcy-related matters arising from this case;

- rendering advice with respect to the many general corporate and litigation issues relating to this case, including, but not limited to, real estate, ERISA, securities, corporate finance, regulatory, tax and commercial matters; and

- performing such other legal services as may be necessary and appropriate for the efficient and economical administration of this chapter 11 Debtor.

11. The Debtor selected Latham & Watkins because Latham & Watkins' attorneys have extensive experience, knowledge and resources in the area of litigation, bankruptcy and debtors' and creditors' rights, and Latham & Watkins has the ability to commit substantial resources to legal problems on an urgent basis. Latham & Watkins has been general bankruptcy counsel for numerous debtors and debtors in possession in large chapter 11 cases,

including Assisted Living Concepts, Inc., Consolidated Freightways Corporation, Flagstar Corporation, Keravision, Inc., Leap Wireless International, Inc, Northpoint Communications Group, Inc., Steakhouse Partners, Inc., Sun World International, Inc., Trump Hotels & Casino Resorts and Wherehouse Entertainment, Inc.  Latham & Watkins has also represented numerous creditors committees (including currently representing the creditors committee in the Delphi chapter 11 cases) as well as secured and unsecured creditors, equity holders and acquirers in large and complex chapter 11 cases.  Latham & Watkins also has vast experience as litigation counsel in complex commercial and bankruptcy matters.

12. In choosing Latham & Watkins as the best candidate for the Debtor's counsel, the Debtor considered the firm's representation of the Debtor prior to the filing of this chapter 11 case and its familiarity with the Debtor gained in connection therewith.  The Debtor believes that Latham & Watkins is well-qualified to represent it in this chapter 11 case and requests that this Court approve such retention.

### D. Latham & Watkins Is Disinterested

13. Based upon the Declaration of Robert A. Klyman, filed concurrently herewith (the "Klyman Declaration"), the Debtor believes that (a) except as set forth in paragraph 8 above and the Klyman Declaration, Latham & Watkins' partners, associates and other attorneys (i) have no connection with the Debtor, the Debtor's sole subsidiary (a non-debtor) or any of its affiliates, any creditors of the Debtor, the United States Trustee, or any other party in interest in the Debtor's chapter 11 case, and (ii) do not hold or represent any interest adverse to the Debtor, and (b) Latham & Watkins and each of its partners, associates and other attorneys is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

14. As set forth in the Klyman Declaration, Latham & Watkins represents, in matters unrelated to this case, certain parties (the "Unrelated Parties") who may assert claims against or be subject to objections or litigation brought by the Debtor (the "Claims and Litigation").  The Unrelated Parties are subdivided into those Unrelated Parties who are (a) current clients of Latham &Watkins and (b) former clients of Latham & Watkins.  At present, the Debtor believes that any claims asserted by such Unrelated Parties are general unsecured

claims.  To the extent the Debtor prosecutes or defends Claims and Litigation with respect to Unrelated Parties, those actions can if necessary be prosecuted or defended by counsel for the statutory committee of creditors, if one is appointed in this case, or other counsel selected by the Debtor.

### E. Latham & Watkins' Compensation

15. As set forth in the Klyman Declaration, in the normal course of Latham & Watkins' business, Latham & Watkins may charge different rates for different types of matters. In its role as general bankruptcy counsel, Latham & Watkins typically charges "standard" hourly billing rates in effect for the period in which services are performed; these rates are the usual rates charged by Latham & Watkins arising in and outside of chapter 11.  Latham & Watkins also expects reimbursement for necessary and reasonable out-of-pocket expenses according to its customary reimbursement policies.  Those expenses are typically charged the same to clients both in and outside of chapter 11 (Latham & Watkins does not include such charges in its hourly rates).  In highly complex and contentious litigations requiring substantial resources, Latham & Watkins generally reserves the right, after consultation with its client, to employ (and frequently does employ) a different billing arrangement.  In the Lawsuits, for example, Latham & Watkins has been billing the Debtor for its services as special litigation counsel in the Lawsuits at "standard" hourly billing rates for partners (e.g., the same rate Latham & Watkins will charge for a partner's hourly billing rate for general bankruptcy matters) but a higher billing rate for associates.  The Debtor has consented to Latham & Watkins continuing this billing arrangement for services as special litigation counsel with respect to the Lawsuits during the pendency of this chapter 11 case.  Latham & Watkins also charges for reimbursement of necessary and reasonable out-of-pocket expenses according to its customary reimbursement policies.  A schedule of current hourly rates for the attorneys and paralegals expected to be the most active in this case is attached as <u>Exhibit B</u> to the Klyman Declaration.  The Debtor submits that such rates are reasonable and should be approved by the Court subject to a determination of the amounts to be paid to Latham & Watkins upon application for allowance.  Latham & Watkins also has informed the Debtor that its prevailing rates may change from time to time consistent with its

normal business practices and that any such changes will be reflected in the first Latham & Watkins fee application following the change.  Notice of any change in fee structure will also be submitted to the Debtor, the United States Trustee and this Court.  Latham & Watkins may seek interim compensation and reimbursement of expenses during this case as permitted by section 331 of the Bankruptcy Code.  However, no compensation will be paid by the Debtor to Latham & Watkins except (i) upon application under sections 330 and 331 of the Bankruptcy Code and approval by this Court after notice and hearing and (ii) as consistent with any interim compensation order entered by this Court.

16. As set forth in the Klyman Declaration, Latham & Watkins has billed and collected in the aggregate approximately $11.3 million for time and expenses during the past year (i) primarily in connection with Latham & Watkins' representation of the Debtor in the Lawsuits and (ii) secondarily in connection with general restructuring advice, including the preparation of the Debtor's petition for relief under chapter 11 of the Bankruptcy Code and supporting documentation (the "Pre-petition Payments").  The Pre-petition Payments include Latham & Watkins' good faith estimate of fees incurred within the days immediately prior to the Petition Date as well as expenses incurred pre-petition.  Prior to the commencement of this chapter 11 case, Latham & Watkins received a retainer from the Debtor for post-petition services (the "Retainer") and, as of the Petition Date, the Retainer was approximately $100,000.  It is possible that, after Latham & Watkins finally reconciles its pre-petition fees and expenses, the Retainer may increase or decrease to reflect that reconciliation.  The Debtor's funds are the source of the Pre-petition Payments and the Retainer.[2]  Unless the Court orders otherwise, the Retainer (as reconciled) will be held by Latham & Watkins and disbursed only in accordance with applicable law and the rules of the Court regarding professional compensation; provided that the Retainer will be held by Latham & Watkins to fund, to the extent necessary at its

---

[2] In addition to the pre-petition fees and expenses paid by the Debtor, the Other Defendants have paid Latham & Watkins for services in connection with the Lawsuits and have also provided Latham & Watkins with a litigation retainer.  The Other Defendants are not debtors in any chapter 11 case and will continue to pay Latham & Watkins consistent with their ordinary course practices for services rendered to them by Latham & Watkins.

1 | discretion, amounts awarded pursuant to Latham & Watkins' final fee application. Any unused
2 | portion of the Retainer after Latham & Watkins' services are concluded will be returned to the
3 | Debtor upon the request of the Debtor.

## RELIEF REQUESTED AND BASIS FOR RELIEF

17. The Debtor believes that the employment of Latham & Watkins is in the best interests of the Debtor and its estate and desires to employ Latham & Watkins with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to sections 330, 331, 503(b) and 507(a)(1) of the Bankruptcy Code and such other terms as set forth in a fee application filed by Latham & Watkins. Were the Debtor required to retain attorneys other than Latham & Watkins in connection with its representation in this case, the Debtor, its estate, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtor's business in general and various factual and legal issues that will have to be addressed in this case.

/ / /

/ / /

/ / /

LATHAM & WATKINS LLP  LA\1564094.3
ATTORNEYS AT LAW
LOS ANGELES

8

Case: 06-40547    Doc# 25    Filed: 04/17/06    Entered: 04/17/06 12:49:07    Page 8 of 9

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of the order submitted concurrently herewith, (i) authorizing and approving the retention and employment by the Debtor of the law firm of Latham & Watkins as its attorneys, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to sections 330, 331, 503(b) and 507(a)(1) of the Bankruptcy Code and such other terms as set forth in a fee application, (ii) directing that copies of all notices, pleadings and other documents filed in this case and any and all adversary proceedings arising in or related to this case be served upon Robert A. Klyman, as counsel for the Debtor, at Latham & Watkins LLP, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071 and (iii) granting such other and further relief as this Court deems just and proper.

Dated: April 17, 2006

Respectfully Submitted,

PrediWave Corporation, as Debtor and Debtor in Possession

/s/ Vincent Lin
Vincent Lin
Responsible Officer, Vice President, Operations and General Counsel